### Harper G. R. Anderson et al. *v.* A. Dudley Watson et al.

House, C. J., Thim, Ryan, Shapiro and Loiselle, Js.

Argued January 7—decided January 19, 1972

*Sebastian J. Russo,* for the appellants (plaintiffs).

*William B. Fitzgerald,* with whom were *Anthony M. Fitzgerald* and *Thomas H. Cotter,* for the appellee (named defendant).

Shapiro, J. This action was brought by Harper G. R. Anderson, hereinafter called Anderson, and Gertrude R. Kunkle, hereinafter called Kunkle, both of Philadelphia, Pennsylvania, to the Superior Court by writ dated December 10, 1965, against A. Dudley Watson, hereinafter referred to as Watson, and Edward J. Quinlan, Jr., both attorneys and who, prior

to the date of this suit, had been the executors under the will of Irene H. Ross. The complaint alleged, inter alia, that on application of the defendants dated December 1, 1961, the decedent's will was admitted to probate on December 12, 1961, by the Probate Court for the district of Winchester; that Watson, "by fraud, prevented the plaintiffs from contesting the admission of the decedent's Will to probate" and that since the plaintiffs, as heirs-at-law, had grounds for belief that the decedent did not possess testamentary capacity, they were damaged thereby. On December 16, 1966, a summary judgment was granted in favor of the defendant Edward J. Quinlan, Jr., from which the plaintiffs did not appeal. On October 25, 1966, the complaint was amended and the allegation that Watson had acted fraudulently was replaced by the claim that he had prevented the plaintiffs from contesting the admission of the will "by his negligence." In their prayer for relief the plaintiffs claimed damages and, by way of equitable relief, "[t]hat the Superior Court adjudge and declare said Will null and void as an imposition upon the Probate Court of the District of Winchester and the plaintiffs, and that the Superior Court command the Probate Court of Winchester from henceforth entertaining any proceedings whatever, regarding said claimed Will, or of the estate of Irene Herbert Ross deceased, or any claim or motion of the defendants, or either or any of them regarding said claimed Will." After various motions had been made to the Superior Court and were ruled on by it, Watson, on February 3, 1969, answered the complaint by denying, inter alia, that he prevented the plaintiffs from contesting the admission of the will or that the decedent lacked testamentary capacity. Also, by way of special defense,

he pleaded the Statute of Limitations and laches. This was denied by the plaintiffs.

On October 28, 1970, Watson filed a motion for summary judgment which was accompanied by affidavits and other documentary evidence. Among his claims were these: that the action was barred by the Statute of Limitations; that part of the equitable relief sought was beyond the jurisdiction of the Superior Court; and that, as to the remainder of the equitable relief sought, the case was moot. The plaintiffs filed counter-affidavits which showed, inter alia, that they were first cousins once removed of the decedent; that Anderson on November 26, 1962, and Kunkle through Anderson in December, 1962, were aware that Irene Herbert Ross had died on November 20, 1961; that her will was admitted to probate on December 12, 1961; and that they were not named as beneficiaries.

The trial court, on January 28, 1971, rendered summary judgment for the defendant Watson, holding that this was required as a matter of law where "[t]he three-year period limited by § 52-577 within which to bring an action founded upon a tort expired in this case on December 1, 1964, more than a year prior to the institution of this action" and, consequently, the action is "clearly barred by the applicable statute of limitations"; that that part of the relief seeking a declaration that the will is null and void "is an action which is beyond the power of this Court in a case such as this"; and that as "to the remainder of the equitable relief sought, this case is moot, since at the time of the commencement of this action admissions in the pleadings as appears from the affidavits, the final account was accepted and an order of distribution entered by the Probate Court [on March 29, 1965] . . . , and thus there

remained no 'proceedings' for the Probate Court to take 'regarding said claimed Will or the Estate of Irene Herbert Ross, deceased.'" The court added: "Furthermore, the legatees and devisees would be indispensable parties to such a proceeding. Aside from the defendants, there are 22 other legatees, many of whom are non-residents, who are not before the court and an equitable relief in this action could have no effect upon them." Finally, the court held that whether "the plaintiffs are guilty of laches need not be determined in view of the foregoing."

Summary judgment should be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 303; *Rathkopf* v. *Pearson,* 148 Conn. 260, 263, 170 A.2d 135. "'[T]he moving party for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" *Plouffe* v. *New York, N.H. & H.R. Co.,* 160 Conn. 482, 488, 280 A.2d 359; 6 Moore, Federal Practice (2d Ed.) ¶ 56.15 [3].

The trial court, after a clear and careful analysis of the pleadings, the affidavits submitted and the substantive law, properly concluded that there was no genuine issue of any material fact and that the defendant Watson was entitled to judgment. It acted correctly in granting a summary judgment.

There is no error.

In this opinion the other judges concurred.