DOROTHY HOGLE *v.* HOWARD HOGLE ET AL.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, JS.

Argued November 13, 1974—decision released February 4, 1975

*Richard A. Jontos,* for the appellant (third-party plaintiff).

*Edward M. Sheehy,* for the appellee (third-party defendant).

COTTER, J. Dorothy Hogle brought suit to recover damages for personal injuries as a result of an automobile accident which occurred on Madison Avenue in Bridgeport on May 22, 1966. Howard Hogle, her husband and the third-party plaintiff on appeal, was named as the defendant in that action. In her complaint she alleged that she was a passenger in the automobile owned and operated by Mr. Hogle and that her injuries were caused by his negligent operation of the car. Specifically, she alleged, inter alia, that "[t]he collision and resulting injuries and damages to the plaintiff were caused by the negligence of the defendant in that he was operating his motor vehicle at a rate of speed which was excessive in view of the conditions then and there existing; in that he did not have his vehicle under proper control; in that he was not maintaining a proper lookout; in that he failed to bring his vehicle to a halt so as to avoid the collision with the tree; and in that he failed to operate his motor vehicle as a reasonably prudent person under similar circumstances and conditions." Upon stipulation a judgment in the amount of $26,000 was rendered on February 17, 1972, in favor of Mrs. Hogle against the defendant Howard Hogle.

Previously, Mr. Hogle had moved to cite in The Aetna Casualty and Surety Company (hereinafter referred to as Aetna) as a third-party defendant pursuant to General Statutes § 52-102a. That motion was ultimately granted on April 11, 1969, by the court. In his third-party complaint Mr. Hogle (as the third-party plaintiff) alleged that the accident had been caused by his collie dog, not by any negligence on his part, in that the dog had jumped from the rear seat of the car to the left front window, striking Mr. Hogle while he was driving,

and had caused the accident. He further alleged that Aetna had issued a homeowner's insurance policy covering premises located at 535 Merritt Street in Bridgeport under which he was entitled to benefits as an "insured person." Under "Coverage E" of section II of this policy Aetna agreed "[t]o pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy . . . ." Mr. Hogle claimed that this homeowner's policy extended to him coverage for any injury or damage caused by the activities of any dog he owned. Relying on his contention that it was not negligent operation of the car which proximately caused the accident giving rise to Mrs. Hogle's suit for damages but the activities of his dog, Mr. Hogle claimed that Aetna was obliged to pay the cost of defending him against Mrs. Hogle's original action and to pay any judgment obtained against him in that action.

As a defense to the third-party action, Aetna claimed that coverage under the terms of the homeowner's policy did not apply and was specifically excluded by the terms of the policy. The relevant portions of special exclusion (b) of the policy provide that "Coverage E" shall not apply "to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles . . . while away from the premises or the ways immediately adjoining." Aetna asserted that the sums which Mr. Hogle became liable to pay and the loss which he consequently sought to recover from Aetna on the policy arose from his operation or use of his car away

from the covered premises on Merritt Street and were thus excluded from coverage. Aetna thereupon filed a motion for summary judgment which was granted on November 14, 1973, the court finding no genuine issue as to any material fact in the third-party action. Mr. Hogle has appealed and assigned error in the court's granting of this motion.

Where the insurance policy in question is, as here, one of liability rather than indemnity, "a duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage." *LaBonte* v. *Federal Mutual Ins. Co.*, 159 Conn. 252, 255, 268 A.2d 663. In her original complaint Mrs. Hogle alleged as the cause of her injuries the negligence of Mr. Hogle in operating his car on Madison Avenue. The exclusion clause of the homeowner's policy issued by Aetna, and under which Mr. Hogle is insured, indicates that coverage does not apply to the "operation . . . of (1) automobiles . . . while away from the premises [here 535 Merritt Street] or the ways immediately adjoining . . . ." Mrs. Hogle's complaint, which did not mention any misconduct by the dog, failed to state a cause of action appearing on its face to be within the terms of coverage of the homeowner's policy. Accordingly, Aetna was under no duty to defend Mr. Hogle against Mrs. Hogle's original action, and it is not liable under the circumstances of this case for the costs he incurred in defending that action. See *LaBonte* v. *Federal Mutual Ins. Co.*, supra.

Nor is Aetna obligated to pay the judgment rendered in favor of Mrs. Hogle on February 17, 1972. In construing a provision in a homeowner's policy identical to the exclusion clause in the policy issued .

by Aetna in this case, we stated that the effect of such a provision is to provide "that any liability, under any theory of recovery, whether personal negligence, master-servant, agency, or other theory of vicarious liability, which *arises from an automobile accident off the premises,* is outside the scope of the contract. As stated by the court in construing a similar clause in the case of *Service Welding & Machine Co.* v. *Michigan Mutual Liability Co.,* 311 F.2d 612, 618 (6th Cir.): '[A]t least as to automobiles, the creation of liability and the . . . injury . . . must all occur on the premises of . . . [the insured].' " (Emphasis added.) *LaBonte* v. *Federal Mutual Ins. Co.,* supra, 257. Furthermore, it is generally understood that for liability for an accident or an injury to be said to "arise out of" the "use" of an automobile for the purpose of determining coverage under the appropriate provisions of a liability insurance policy, it is sufficient to show only that the accident or injury "was connected with," "had its origins in," "grew out of," "flowed from," or "was incident to" the use of the automobile, in order to meet the requirement that there be a causal relationship between the accident or injury and the use of the automobile. See *McDonald* v. *Great American Ins. Co.,* 224 F. Sup. 369, 372 (D. R.I.) and *Ins. Co. of North America* v. *Royal Indemnity Co.,* 429 F.2d 1014, 1017–18 (6th Cir.); *Fidelity & Casualty Co. of New York* v. *Lott,* 273 F.2d 500, 502 (5th Cir.); *St. Paul Fire & Marine Ins. Co.* v. *Thomas,* 273 So. 2d 117, 120 (Fla. App.); *Frazier* v. *Unsat. C. & J. Fund Bd.,* 262 Md. 115, 117–18, 277 A.2d 57; *Schmidt* v. *Utilities Ins. Co.,* 353 Mo. 213, 218–19, 182 S.W.2d 181; *Carter* v. *Bergeron,* 102 N.H. 464, 471, 160 A.2d 348; *Baca* v. *New Mexico State Hwy. Dept.,* 82 N.M. 689, 692, 486 P.2d 625; annot., 89

A.L.R.2d 150, 153; 7 Appleman, Insurance Law & Practice § 4317; 8 Blashfield, Automobile Law & Practice § 317.1, pp. 5–6.[1] Indeed, one court has held that liability for injuries to a passenger in a car which directly resulted from the actions of a dog inside the car away from the premises of the person insured under a homeowner's comprehensive personal liability policy was properly covered under his standard automobile liability policy, not under his homeowner's policy. *National Indemnity Co.* v. *Corbo,* 248 So. 2d 238, 241 (Fla. App.). Aetna's obligation to pay the judgment rendered in favor of Mrs. Hogle does not depend on whether it was Mr. Hogle's negligent operation of the car, or the activities of his dog inside the car, which constituted the "proximate cause" of the accident, and, consequently, of Mrs. Hogle's injuries, as Mr. Hogle contends. Such obligation, rather, depends in this case on another fact, namely, whether Mr. Hogle's "use" of his car was connected with the accident or the creation of a condition that caused the accident. *McDonald* v. *Great American Ins. Co.,* supra; see also *Universal Underwriters Ins. Co.* v. *Aetna Ins. Co.,* 249 Cal. App. 2d 144, 151, 57 Cal. Rptr. 240. Our review of the pleadings, affidavits, and other proofs submitted discloses no genuine issue between Mr. Hogle and Aetna on the fact that his use of the automobile was in some way "connected with" the accident which resulted in the injuries complained of by Mrs. Hogle. His liability to pay the damages

---

[1] Moreover, in 7 Appleman, Insurance Law & Practice § 4316, it is stated: "The term 'use' is the general catch-all of the insuring clause, designed and construed to include all proper uses of the vehicle not falling within one of the previous terms of definition. It is limited to the purpose for which the coverage is designed, namely, that the vehicle . . . [m]ust be pleasure or business, or commercial, as defined in the policy."

assessed against him in the judgment rendered in favor of Mrs. Hogle, then, can be said to have arisen from his use of the automobile while away from the insured premises, so that coverage under the homeowner's policy was expressly excluded. The trial court properly concluded that there was no genuine issue of any material fact and that Aetna was entitled to judgment. It acted correctly in granting summary judgment. See *Anderson* v. *Watson,* 162 Conn. 245, 248, 294 A.2d 278; *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382.

There is no error.

In this opinion the other judges concurred.