STATE EX REL. COMMISSION FOR HIGHER EDUCATION *v.* THE WETHERSFIELD SCHOOL OF LAW, INC.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 6—decision released July 15, 1975

*William R. Moller* and *Wesley W. Horton,* with whom, on the brief, was *Michael S. Schenker,* for the appellant (defendant).

*F. Michael Ahern,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Sidney Vogel,* assistant attorney general, for the appellee (plaintiff).

BARBER, J. The state upon the relation of the commission for higher education brought this action to enjoin The Wethersfield School of Law, Inc., a Connecticut corporation located in the town of Wethersfield, from "maintaining and operating a school of law, so-called, on a post-graduate level, in any place within the state, unless and until it complied with the provisions of General Statutes § 10-330." The complaint alleges a violation of General Statutes § 10-330, subsections (c) and (d).[1] The defendant in its answer admits that it maintains and operates a school of law under a provision of its certificate of incorporation reading as follows: "To instruct, on a post-graduate level,

---

[1] "[General Statutes] Sec. 10-330. AUTHORITY TO CONFER ACADEMIC DEGREES. . . . (c) No person, school, board, association or corporation shall confer any degree unless authorized by act of the general assembly. No application for authority to confer any such degree shall be approved by the general assembly or any committee thereof, nor shall any such authority be included in any charter of incorporation until such application has been evaluated and approved by the commission for higher education in accordance with regulations established by said commission. (d) No person, school, board, association or corporation shall operate a program or institution of higher learning unless it has been licensed or accredited by

students in the law and to confer a degree of juris doctor or a bachelor of law degree upon those students who have successfully completed the required courses offered by the school and to otherwise conduct courses of any kind relating to the law to persons who do not wish a juris doctor degree or a bachelor of law degree and to confer certificates upon said students who have successfully completed said courses."

After the pleadings were closed, the plaintiff, claiming that there was no genuine issue as to any material fact in the complaint, moved for a summary judgment. The court granted the motion for summary judgment. The judgment rendered enjoins the defendant from further conducting The Wethersfield School of Law, Inc., without first obtaining proper licensure in accordance with law. The defendant has appealed from this judgment.

The defendant has assigned as error a number of rulings made by the trial judge, including the granting of the summary judgment. We have reviewed the assignment of errors and conclude that the action of the court in granting the summary judgment was error and this conclusion is dispositive of the appeal.

The statutes that the defendant is alleged to have violated prohibit it from conferring degrees and

---

the commission for higher education, nor shall it confer any degree unless it has been accredited in accordance with this section. The commission shall not grant any new license or accreditation until it has received a report of an evaluation of such program or institution by competent educators approved by the commission. The commission for higher education may, upon receipt of evidence satisfactory to the commission relating to the overall competence and resources of the applying institution, accept regional or national accreditation, where appropriate, in satisfaction of the requirements of this subsection. . . ."

from including such authority in its charter of incorporation without prior approval. The defendant is also prohibited from offering a "program . . . of higher learning." General Statutes § 10-330 (c), (d). Section 10-330 (a)[2] of the General Statutes defines applicable terms. Upon reading the statutory sections of § 10-330 and the plaintiff's affidavit in support of the motion for summary judgment, specifically paragraph eleven[3] of the affidavit, it is clear to the court that the plaintiff has alleged and set forth facts attempting to show that the defendant has stated or implied that college-level credit may be given or may be received by transfer, and that degrees are being conferred.

The defendant, in an opposing affidavit, states that it has never awarded a degree, it has not at

---

[2] "[General Statutes] Sec. 10-330. AUTHORITY TO CONFER ACADEMIC DEGREES. (a) For the purposes of this section, 'program of higher learning' means any course of instruction for which it is stated or implied that college or university-level credit may be given or may be received by transfer; 'degree' means any letters or words, diploma, certificate or other symbol or document which signifies satisfactory completion of the requirements of a program of higher learning; 'institution of higher learning' means any person, school, board, association or corporation which is licensed or accredited to offer one or more programs of higher learning leading to one or more degrees; 'license' means the authorization by the commission for higher education to operate a program or institution of higher learning for a specified initial period; 'accreditation' means the authorization by said commission to continue operating a program or institution of higher learning for subsequent periods, and in such periods to confer specified degrees. . . ."

[3] "The continued operation of the school in violation of statute has been of great concern to the Commission and the subject of many conferences between officers of the Commission, the Attorney General's office, Mr. Bill and Mr. Bill's counsel, it being quite apparent that the school intended to operate, issue its catalog, conduct classes, receive tuition fees from students and in all respects to continue as a *functioning institution of higher learning*, license or no. The Commission, on July 9, 1974, voted to request the Attorney General to undertake action." (Emphasis added.)

any time claimed that college or university-level credits may be given for the successful completion of its courses, and it has not authorized the transfer of such credits.

The defendant, by admitting in its answer the allegations of the plaintiff's complaint reciting the provisions in the defendant's certificate of incorporation concerning its corporate purpose, did not foreclose itself from contending that it had not implemented the part relating to instruction on a postgraduate level and the conferring of degrees. See *Celina & Mercer County Telephone Co.* v. *Union-Center Mutual Telephone Assn.*, 102 Ohio St. 487, 494, 133 N.E. 540; note, 119 A.L.R. 1012, 1022. Although the recital in the certificate of incorporation concerning the conferring of degrees is in violation of § 10-330 (c) of the General Statutes, such recital does not of itself establish that the defendant was conferring degrees or was operating a program of higher education.

Since the plaintiff prayed only for an injunction restraining the defendant from operating a school on a postgraduate level, the fact that the provision in the certificate of incorporation concerning the conferring of degrees was in violation of the statute would not warrant an injunction prohibiting the operation of the school unless the actual operation is in violation of the statute. The defendant, as a matter of law, cannot be classified as an "institution of higher learning" as defined by § 10-330 (a) of the General Statutes because, admittedly, it was not "licensed or accredited to offer one or more programs of higher learning leading to one or more degrees." This leaves the plaintiff with the burden of proving that the defendant was operating a "pro-

gram of higher learning" which is defined as "any course of instruction for which it is stated or implied that college or university-level credit may be given or may be received by transfer." General Statutes § 10-330 (a).

A summary judgment may be rendered only if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 303; *Rathkopf* v. *Pearson,* 148 Conn. 260, 263, 170 A.2d 135. A material fact is one which will make a difference in the result of the case. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 379, 260 A.2d 596. The moving party for a summary judgment has the burden of showing the nonexistence of such issue. *Anderson* v. *Watson,* 162 Conn. 245, 248, 294 A.2d 278. To satisfy this burden, the movant must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. *Plouffe* v. *New York, N.H. & H.R. Co.,* 160 Conn. 482, 488, 280 A.2d 359. There is a genuine issue of material fact, that is, whether degrees are being conferred and whether the defendant has stated or implied that college or university-level credit may be given or may be received by transfer. Therefore, the granting of the motion for summary judgment was erroneous.

There is error, the judgment is set aside and the case is remanded for proceedings according to law.

In this opinion the other judges concurred.