[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action against two insurance companies under section 38-175 of the General Statutes (now section 38a-321
C.G.S.) for payment of a judgment for $26,500 which the plaintiff recovered against Patrick Renz. On June 15, 1990 a stipulated judgment for $26,500 was entered in favor of the plaintiff against Patrick Renz. Both the plaintiff and Renz had been passengers in a car operated by a friend, David Patrick, and owned by one of his parents. The Patrick vehicle was a two door car, and the injury to the plaintiff occurred when Renz was in the process of climbing into the back seat of the car after the plaintiff, Renz, Patrick and two of their friends had stopped at a restaurant. As Renz entered the car he picked up a beer bottle and in the course of turning to throw it into a trash container accidently hit the plaintiff in the mouth with the bottle. At the time Renz had one foot in the car, and the plaintiff was behind him and not in contact with the car. The car was not running and Patrick, who had been driving, was outside the car. Renz had not operated the car on December 12, 1987, when the plaintiff was injured.
The defendant Prudential Property Casualty Insurance Company (Prudential) had an automobile insurance policy in effect on December 12, 1987 which provided $50,000 coverage. The policy was issued to Renz's parents, but Prudential admits that Renz was an insured under that policy. Prudential also admits that the policy provides coverage for sums which a covered person is legally obligated to pay as damages because of bodily injury or property damage arising out of the ownership, maintenance or use of the insured's automobile. It is also conceded that the policy covers other non-owned cars, that Renz performed all obligations under the policy and that there are no defenses under the policy itself. Prudential's defense in this case is that the incident itself is not covered under the policy because it is not an injury arising out of the ownership, maintenance or use of an automobile, even if it is conceded that the Patrick car was a nonowned car under the policy. Prudential refused to make payment on that basis.
The defendant New London County Mutual Insurance Company CT Page 64 (New London) issued a homeowners policy through its subsidiary, Thames Insurance Company, to Renz's parents, Craig Renz and Marie Renz, which provided $100,000 in personal liability coverage and was in effect on December 12, 1987. New London concedes that Patrick Renz is covered under the policy and that New London is liable to pay all sums which Renz is legally obligated to pay as damages arising out of his negligence "not arising out of the ownership, maintenance or use of the insureds' automobile." This is based on an exclusion provision in the insurance policy which states that personal liability coverage does not apply to bodily injury or property damage "arising out of: (1) the ownership, maintenance, use, loading or unloading of motor vehicles. . .". Section II Exclusions, subsection 1e (Exhibit 1). New London concedes that the insureds have performed all obligations under the policy and that there are no technical defenses, and admits that it has not made payment under the policy. New London's position is that the facts here come within the exclusion in its policy so that it has no obligation to make payment to the plaintiff for Renz's negligent act and the resulting judgment.
The Prudential policy provides the coverages required by section 38-175b of the General Statutes (now section 38a-335
C.G.S.). Prudential claims it has no liability under its policy because the injuries did not arise out of the ownership, maintenance or use of the Patrick car. The plaintiff's injuries and Renz's resulting liability clearly did not arise out of ownership or maintenance of the car. The court also agrees with Prudential that the accident or injury did not arise out of the use of the car. The general rule is that use of a car within the context of both an automobile insurance policy and a statute requires the showing of a connection between the use of the automobile and the accident or injury, which usually requires the setting in motion of the operative machinery of the vehicle or its movement or something resulting from an activity incidental to the movement of the vehicle from one place to another. Hogle v. Hogle, 167 Conn. 572, 577; Dias v. Adams, 189 Conn. 354, 359,360; Jackson v. Johnson, 9 Conn. App. 290, 292; Rivera v. Fox, 20 Conn. App. 619, 624; Kiriaka v. Alterwitz, 7 Conn. App. 575,578. Moreover, even if the vehicle is being operated at the time of the injury, recovery is generally disallowed when there is no causal connection between operation of the motor vehicle and the injury. Hughes v. National Car Rental, 22 Conn. App. 586 (operator of one car shot the operator of another car). The plaintiff's injury did not arise out of "use" of the Patrick vehicle by Renz.
New London disclaims liability because of the exclusion CT Page 65 provision in the Homeowner's policy. It argues that what occurred here, namely removal of the beer bottle form the back seat of the car by Renz was maintenance, use or unloading of a motor vehicle. New London also relies upon the definition of "occupying" and "use" in section 38-319 (e) and (i) of the General Statutes (now section 38-363 C.G.S.). That statute defines "occupying" a vehicle and as being in or upon or entering into or alighting from the vehicle. "Use" of a motor vehicle is defined as including a loading or unloading of it. The purpose of the type of exclusionary clause contained in the homeowner's policy is to exclude coverage from all liability arising from an off premises automobile accident, no matter what the theory of recovery might be. LaBonte v. Federal Mutual Insurance Co., 159 Conn. 252, 258. This prevents higher insurance rates by having the homeowner's policy providing coverage which duplicates the coverage available in most automobile insurance policies. Id., 258. See also Hogle v. Hogle, supra, 577. If use of the automobile was in some way connected with the accident which resulted in the injuries to the plaintiff, the exclusion under the homeowner's policy would apply, because of the exclusion for use of an automobile while it was away from the insured premises. Id., 578, 579. As previously discussed, the incident here does not involve use of a motor vehicle. The definitions relied upon by New London are from the no fault motor vehicle insurance statutes, which do not apply to a homeowner's policy. For purposes of uninsured motorist coverage, it is understandable why injuries sustained while entering or leaving a vehicle or loading or unloading of it are covered.
In this case any connection between the car and the injury to the plaintiff is not causally connected with or incidental to the car. Tossing a beer bottle out of a car is not what is commonly considered or reasonably construed to be maintenance or unloading of a motor vehicle. The rule in Connecticut is that an insurance policy, like any other contract, must be given a reasonable interpretation and the words used are to be given their common, ordinary and customary meaning. Izzo v. Colonial Penn Insurance Co.,203 Conn. 305, 309. When the words of an insurance contract are fairly susceptible of two interpretations, the one which will sustain the claim and cover the loss is adopted, and if the terms of the policy are of doubtful meaning, the permissible construction which is most favorable to the insured is to be adopted. Avis Rent-A-Car System, Inc. v. Liberty Mutual Ins. Co., 203 Conn. 667, 672. Moreover, the rule of construction of insurance policies in a manner favorable to the insured extends to exclusion clauses. Griswold v. Union Labor Life Insurance Co., 186 Conn. 507, 514. Finally, one purpose CT Page 66 of the homeowner's policy is to cover injuries not covered by other insurance for which the insured is liable when the injury occurs away from home. As previously discussed, that is the reason for the automobile exclusion in homeowner's policies. The purpose of providing complete coverage to the insured would be defeated if some remote connection with the automobile not germane to the claim is considered to be outside the scope of the homeowners policy when it is also not covered by any automobile insurance coverage. The plaintiff has shown by a preponderance of the evidence that the exclusion in the New London policy does not apply here.
Judgment may enter for the plaintiff against the defendant New London County Mutual Insurance Co. for $26,500. Judgment shall also enter for the defendant Prudential Property Casualty Insurance Co.
ROBERT A. FULLER, JUDGE