[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The plaintiff (USAA) brought this action seeking a declaratory judgment that the homeowner's policy it issued to the defendants does not provide coverage for a negligent supervision claim when the injuries suffered are the result of an automobile accident. On April 5, 1995, USAA filed a motion for summary judgment and supporting memorandum. On May 19, 1995, the defendants filed a memorandum in opposition.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a mater of law." Wilson v. NewHaven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "In deciding the motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ."Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
In its complaint and memorandum of law in support of its motion for summary judgment, USAA alleges the following. On May 11, 1991, Robert Bagley ("Bagley") was visiting and spending the night at his friend Mark McKeever's ("Mark") parents' home. At approximately 10:00 p.m. Mark's parents, Peter and Barbara McKeever (the "defendants"), went upstairs to bed. At this time, Bagley and Mark were inside the house. Subsequently, Bagley and Mark went outside for a walk and eventually accepted a ride from Stephen McKeever ("Stephen"). Stephen, who was Mark's brother and resided with his parents, was under the influence of alcohol. He lost control of his car and collided with a tree. As a result of the crash, Bagley suffered personal injuries and Mark died.
Bagley brought suit through his father and next best friend, Peter Bagley, against the defendants alleging that they were negligent in supervising Bagley.[1]
CT Page 8870
In their motion for summary judgment, USAA's argument is two fold. First, it argues that the automobile exclusion clause of the homeowner's policy applies to a negligent supervision claim when the injuries sustained are directly caused by an automobile accident. Second, it argues that the defendants' actions do not constitute negligent supervision.
"A duty to defend an insured [under a liability policy] arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage." LaBontev. Federal Mutual Ins. Co., 159 Conn. 252, 255, 268 A.2d 66
(1970). In the present case, the McKeever's homeowner's insurance policy contained an automobile exclusion that barred coverage, inter alia, for liability:
 arising out of: (1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured . . .
The automobile exclusion is clear and unambiguous. SeeLaBonte v. Federal Mutual Ins. Co., supra, 159 Conn. 257 (holding that a similar automobile exclusion clause was clear and unambiguous.)[2] Accordingly, the court must give the natural and ordinary meaning to the language in the exclusionary provision.Kent v. Middlesex Mutual Assurance Co., 226 Conn. 427, 436 n. 13,627 A.2d 1319 (1993). In interpreting a similar provision, the Connecticut Supreme Court noted:
 [I]t is generally understood that for liability for an accident or an injury to be said to "arise out of", the "use" of an automobile for the purpose of determining coverage under the appropriate provision of a liability insurance policy, it is sufficient to show only that the accident or injury "was connected with" "had its origins in", "grew out of", "flowed from," or "was incident to" the use of the automobile, in order to meet the requirement that there be a causal relationship between the accident or injury and the use of the automobile.
Hogle v. Hogle, 167 Conn. 575, 577, 356 A.2d 172 (1975).
Applying this principle to the present case, it appears that the automobile exclusion encompasses the negligent supervision claim since the injuries sustained "flowed from" the ownership CT Page 8871 and use of a motor vehicle owned or operated by an insured.
The defendants' cite to Cone v. Nationwide Mutual Fire Ins.Co., 551 N.E.2d 92 (1989) in support of their argument that negligent supervision involves a claim of liability for conduct separate and apart from the operation of a motor vehicle. The Connecticut Supreme Court, however, has held that the insurer's obligation to pay does not depend on whether there is a separate and distinct cause of action. Instead, it hinges on whether "the; use of a car was connected with the accident or the creation of a condition that caused the accident." Hogle v. Hogle, supra,167 Conn. 578. In other words, the determination of whether the automobile exclusion applies does not depend on whether the personal acts of an insured constitute a separate and distinct cause of action. Instead, it rests on whether the injuries sustained were the result of the excluded subject matter, i.e., automobile accidents. See LaBonte v. Federal Mutual Ins. Co.,159 Conn. 252, 259 (1970).
Moreover, the holding in Cone, i.e., that an automobile exclusion clause is not applicable to a negligent entrustment allegation, represents the minority view. The majority of courts have held that automobile exclusion clauses, similar to the provision in the present case, are applicable to negligent entrustment claims. See Standard Mut. Inc. Co. v. Bailey,868 F.2d 893, 898 n. 6 (7th Cir. 1989) and cases cited therein. In addition, several jurisdictions have held that an automobile exclusion applies to negligent supervision claims when the injuries sustained derive from a motor vehicle accident. See e.g., Alfa Mut. Ins. Co. v. Jones, 555 So.2d 77 (Ala. 1989);Lahey v. Benjou, 759 P.2d 855 (Colo.App. 1988); Bankert v.Threshermen's Mut. Ins. v. Levinson, 313 N.W.2d 854 (Wis.App. 1981), aff'd 329 N.W.2d 150 (1983); see also Citizens Sec. Mut.Ins. v. Levinson, 445 N.W.2d 585 (Minn. 1989); Ins. Co. of NorthAmerica v. Krigos, 553 N.E.2d 708 (Ill.App. 1 Dist. 1990), cert. denied, 561 N.E.2d 692 (1990).
The rationale for these negligent entrustment and supervision decisions is based, inter alia, on the interaction between homeowners' and automobile insurance coverage. It rests on the principle "that the insured must look to the basic protection provided by the specific insuring agreement designed to cope with the risk inherent in automobile operation, with homeowner's protection available only to cover all other general or unspecified risks." Pedersen v. Republic Ins. Co.,
CT Page 8872532 A.2d 183, 189 (Md.App. 1987); see also Bankert v. Threshermen's Mut.Ins. Co., supra, 313 N.W.2d 858.
Thus, in issuing a homeowners' policy the insurance company limits its risks by excluding from coverage any injuries that arise out of automobile accidents. As USAA points out, "[t]o require homeowner's policies to duplicate coverage of automobile policies when registration of an automobile in Connecticut requires proof of insurance is to burden one market, the homeowners, while not relieving the demands on the other market, that of the automobile insurance." Such a scenario would be detrimental to both the insurer and the public in that it would result in higher premium rates for broad-based risk, which are already covered by most automobile insurance policies. SeeLaBonte v. Federal Mutual Ins. Co., supra, 159 Conn. 258. Accordingly, public policy considerations dictate that an automobile exclusion clause bars recovery in a situation such as the present case. For these reasons, the motion for summary judgment is granted.
The second ground cited by the plaintiff in its motion — that the defendants' actions do not constitute negligent supervision — clearly presents a factual issue and summary judgment would not be granted on that claim.
The Motion for Summary Judgment is granted on the grounds that the insurance policy in question does not provide coverage for injuries sustained as the result of an automobile accident.