GARY C. MOORE *v.* CONTINENTAL CASUALTY COMPANY
(AC 17682)

Schaller, Spear and Healey, Js.

Argued January 21—officially released March 16, 1999

*Gerald T. Giaimo*, for the appellant (plaintiff).

*Kerry R. Callahan*, with whom, on the brief, was *James N. Tallberg*, for the appellee (defendant).

*Opinion*

SPEAR, J. The plaintiff, Gary C. Moore, appeals from the summary judgment rendered in favor of the defendant, Continental Casualty Company (Continental). The trial court held that, under the terms of a homeowner's insurance policy, Continental owed no duty to defend the underlying lawsuit brought against Moore. The plaintiff claims that the trial court improperly concluded that (1) a claim of emotional distress is not a claim for bodily injury under the terms of the homeowner's insurance policy, (2) the term "bodily harm" is not ambiguous as a matter of law and (3) the exclusions for "expected or intended" injuries contained in the insurance policy bar coverage. We affirm the judgment of the trial court.

The underlying facts are undisputed. The plaintiff's sister, Gail Standish, brought an action against the plaintiff by way of a complaint that alleged conversion, fraud, intentional infliction of emotional distress and negligent infliction of emotional distress. Standish is a joint owner of property with her mother, Coral Moore. She alleged that the plaintiff obtained a power of attorney from Coral Moore and herself, and together with attorney Richard Stapleton obtained a $150,000 line of credit that was secured by the jointly owned property. Standish alleged that she suffered financial loss in the amount of $150,000 and also suffered emotional distress, stress and anxiety as a result of her financial loss.

The plaintiff instituted a declaratory judgment action against Continental in which he alleged that Continental owed a duty to defend him against the suit filed by Standish. The trial court rejected the claim and granted the defendant's motion for summary judgment. This appeal followed.

I

The plaintiff first claims that the trial court improperly found that an allegation of emotional injury arising from economic loss did not constitute "bodily injury" as defined by the insurance policy. We disagree.

Continental issued a homeowner's policy to the plaintiff, which stated that Continental would defend and indemnify the plaintiff "if a claim is made or a suit is brought against you or any covered person for . . . bodily injury." The policy defined bodily injury as "bodily harm, sickness or disease, except any communicable disease, including required care, loss of services and death resulting therefrom."

"[A]n insurer's duty to defend . . . is determined by reference to the allegations contained in the [injured party's] complaint. *Flint* v. *Universal Machine Co.*, [238 Conn. 637, 646, 679 A.2d 929 (1996).] The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage. . . . *Hogle* v. *Hogle*, 167 Conn. 572, 576, 356 A.2d 172 (1975). Because [t]he duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured; *Missionaries of the Co. of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, 155 Conn. 104, 110, 230 A.2d 21 (1967); '[i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured. . . . *West Haven* v. *Commercial Union Ins. Co.*, 894 F.2d 540, 544 (2d Cir. 1990), quoting *West Haven* v. *Liberty*

*Mutual Ins. Co.*, 639 F. Sup. 1012, 1017 (D. Conn. 1986)." (Internal quotation marks omitted.) *Imperial Casualty & Indemnity Co.* v. *State*, 246 Conn. 313, 323–24, 714 A.2d 1230 (1998). We must examine whether the term "bodily injury" as defined by the insurance policy encompasses emotional distress.

"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. *Schultz* v. *Hartford Fire Ins. Co.*, 213 Conn. 696, 702, 569 A.2d 1131 (1990). . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . *Hansen* v. *Ohio Casualty Ins. Co.*, 239 Conn. 537, 542–43, 687 A.2d 1262 (1996). [T]his rule of construction favorable to the insured extends to exclusion clauses. . . . *Heyman Associates No. 1* v. *Ins. Co. of Pennsylvania*, 231 Conn. 756, 770, 653 A.2d 122 (1995). Unlike certain other contracts . . . where . . . the intent of the parties and thus the meaning of the contract is a factual question subject to limited appellate review . . . construction of a contract of insurance presents a question of law . . . which this court reviews de novo. . . . *Flint* v. *Universal Machine Co.*, supra, 642." (Citations omitted; internal quotation marks omitted.) *Imperial Casualty & Indemnity Co.* v. *State*, supra, 246 Conn. 324–25.

Applying the same general rules that govern the construction of any written contract, we accord the term bodily injury its plain and ordinary meaning. Bodily injury requires some physical harm. Emotional distress, absent any physical manifestation, does not constitute "bodily harm, sickness or disease" in their plain and ordinary meanings. Therefore, the trial court correctly

interpreted the term bodily injury and held that the plaintiff's allegations of emotional distress, absent any physical manifestation, did not implicate Continental's duty to defend the plaintiff.

## II

The plaintiff next claims that the term bodily injury is ambiguous and that any ambiguity must be resolved in favor of the insured. We disagree.

The term bodily injury or bodily harm is not ambiguous. Our Supreme Court has clearly distinguished emotional harm from bodily injury in the context of a cause of action for unintentional infliction of emotional distress. "In *Montinieri* v. *Southern New England Telephone Co.*, [175 Conn. 337, 345, 398 A.2d 1180 (1978)], [our Supreme Court] held that a plaintiff may recover for unintentional infliction of emotional distress *even if the distress does not result in subsequent bodily injury* and the plaintiff was not at risk of harm from physical impact." (Emphasis added.) *Kilduff* v. *Adams, Inc.*, 219 Conn. 314, 325, 593 A.2d 478 (1991). In holding that bodily injury is not a condition precedent to maintaining a cause of action for unintentional infliction of emotional distress, our Supreme Court has, in essence, recognized that emotional distress and bodily harm are separate and distinct. Any purported ambiguity in the term bodily injury, therefore, is not sufficient to allow us to incorporate emotional distress into the definition.

## III

As an alternate ground for affirmance, the defendant claims that the exclusion for expected or intended injuries bars coverage for the plaintiff's claim. Because we affirm the judgment of the trial court in concluding that the allegations of the complaint did not trigger Continental's duty to defend the plaintiff, we need not reach this issue.

The judgment is affirmed.

In this opinion the other judges concurred.