[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE OBJECTION TO MOTION TO CITE IN DATED MARCH 12, 1999 (#103)
The plaintiff and defendant, are husband and wife, residing at 50 N. Humiston Drive, Bethany, Connecticut at the time of the alleged incident giving rise to this cause of action. Both plaintiff and defendant are named insured of that certain homeowners policy issued by Liberty Mutual Insurance Company, which company is the subject of the defendant's motion to implead by citation, dated November 13, 1998 (#101). CT Page 2299
The plaintiff claims that he suffered emotional distress as a result of certain conduct by the defendant. The defendant seeks to implead Liberty Mutual Insurance Company in order to have Liberty Mutual Insurance Company defend her in this action.
The dispositive issue is whether "emotional distress" falls within the definition of bodily injury as defined in the subject homeowners policy. In this policy, "Bodily injury" means bodily harm, sickness or disease. . . ."
"Bodily injury requires some physical harm. Emotional distress, absent any physical manifestation, does not constitute `bodily harm, sickness or disease' in their plain and ordinary meanings."Moore v. Continental Casualty Co. 52 Conn. App. 287 at 290 (1999).
Therefore the claim of emotional distress does not fall within the terms of bodily injury as defined in the subject policy.
The third-party defendant Liberty Mutual Insurance Company's Objection to Motion to Cite In is sustained.
JOHN W. MORAN, JUDGE