[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION BY ZURICH AMERICAN INSURANCE COMPANY AND TRAVELER'S INSURANCE COMPANY TO MODIFY SCHEDULING ORDER
This is a declaratory judgment action in which the plaintiffs, Connecticut General Life Insurance Company on behalf of Separate Account R and South Central RS, Inc., seek a declaration that the defendants Zurich American Insurance Company ("Zurich") and Travelers Insurance Company ("Travelers") have a duty to defend the plaintiffs in an underlying action entitled Plunkett v. Connecticut General Lffe InsuranceCompany et al, now pending in the District court of Harris County, Texas. In the underlying action the plaintiffs allege that the defendants negligently maintained and operated the Saratoga Springs Apartments so as to allow the growth of biohazards, or molds, such as stachybotrys, aspergillus, fusarium and chaetomium, which resulted in property damage and personal injuries.
The plaintiffs have moved for partial summary judgment against Zurich and Travelers on the issue of their duty to defend. Travelers and Zurich have moved to modify the scheduling order to extend their time to respond to that summary judgment motion until after the plaintiff's respond to limited discovery. The plaintiffs have opposed the modification on the grounds 1) that the duty to defend is determined by comparing the language of the underlying complaint to the language of the insurance policies and 2) that the attempt to do discovery prior to responding to the summary judgment motion is merely a delaying tactic.
"`[A]n insurer's duty to defend . . . is determined by reference to the allegations contained in the [injured party's] complaint.' Flint v. Universal Machine Co.,
[238 Conn. 637, 646, 679 A.2d 929 (1996)]. The `duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within CT Page 1996 the terms of the policy coverage.' . . . Hogle v. Hogle, 167 Conn. 572, 576, 356 A.2d 172 (1975). Because "[t]he duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured" Missionaries of the Co. of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104, 110, 230 A.2d 21 (1967); `[i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured.' . . . West Haven v. Commercial Union Ins. Co., 894 F.2d 540, 544 (2d Cir. 1990), quoting West Haven v. Liberty Mutual Ins. Co., 639 F. Sup. 1012, 1017
(D. Conn. 1986)."
Imperial Casualty Indemnity Co. v. State, 246 Conn. 313, 323-24,714 A.2d 1230 (1998).
In their Motions for Modification and/or at the oral argument of those Motions, Travelers and Zurich argued that they required discovery in the areas of late notice, pollution exclusion, and choice of law in order to respond to the plaintiffs' Motion for Partial Summary Judgment, but have not articulated precisely why they need such discovery. In light of the defendants' inability to precisely articulate the need for said discovery, the law set forth above, and the case law of this state wherein the Supreme Court has construed a pollution exclusion clause without resort to any evidence outside the complaint or the policy, seeHeyman Associates No. 1 v. Insurance Co. of Penn., 231 Conn. 756,653 A.2d 122 (1995), the court is not inclined to allow the defendants a substantial amount of time to obtain it. Zurich and Travelers have already filed discovery limited to the issue of duty to defend and the plaintiffs have already responded in part.
In light of the foregoing it is hereby ORDERED:
1. That the defendants Zurich and Travelers will have until April 30, 2002 to obtain responses to their First Sets of Interrogatories and Production Requests. This means that they should act in an expeditious manner to obtain the court's rulings on objections to those Interrogatories and Production Requests and to obtain, if necessary, the court's order compelling production prior to April 30, 2002.
2. If the court finds that the plaintiffs' conduct in responding to the aforementioned discovery is unreasonable or in bad faith, then the court may, upon motion from the defendants' extend the time they have to obtain said responses. The parties should note that in this regard, the court CT Page 1997 finds that it is not reasonable for the plaintiffs to refuse to respond to discovery related to the duty to defend issues until the defendants have responded to the plaintiffs' discovery and it is also notreasonable to attempt to comply with production requests by making documents available in Dallas or locations other than Hartford, Connecticut.
3. Unless the time for obtaining discovery responses is extended pursuant to paragraph number 2, the defendants will respond to the plaintiffs' Motion for Partial Summary Judgment on the Issue of Duty to Defend on or before May 31, 2002 and the court will hear argument on that Motion on June 24, 2002 at 11:30 a.m.
4. The Scheduling Order in this action is further modified as follows:
 • Written discovery (other than the discovery relating to the duty to defend issues) to be completed by September 11, 2002.
• Depositions (not including experts) to be concluded by December 11, 2002.
• Status conference on October 14, 2002 at 11:30 a.m.
By the court,
Aurigemma, J.