[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #107
United Services Automobile Association (USAA) moves for summary judgment seeking to obtain a declaratory judgment releasing it from any obligation to indemnify or defend the named defendant in the underlying case, Choquette v. Kaschel, CV 00 0176073, 31 Conn.L.Rptr. 517.
The underlying case is an action for personal injuries arising out of an automobile accident that occurred on October 19, 1999. The amended complaint alleges that the deceased defendant, John Kelly, was driving his automobile while intoxicated and turned left into the oncoming plaintiff, who was traveling on his motorcycle.[1] Kelly got out of his vehicle, observed the plaintiff lying on the road and allegedly left the scene of the accident without calling for help, as required by General Statutes § 14-224. As a result, the plaintiff suffered serious bodily injuries and brain damage.
The first count of the plaintiff's amended complaint alleges that the plaintiff's injuries and damages were caused by the negligent driving of John Kelly. The second count alleges that John Kelly was negligent in failing to comply with § 14-224 by not rendering aid to the plaintiff after the collision and the plaintiff suffered additional injuries as a result. The third count alleges that John Kelly recklessly operated his automobile. Lastly, the fourth count alleges loss of consortium on behalf of the plaintiff's wife.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Quotation marks omitted.) Pelletier v. Sordini/Skanska Construction Co., CT Page 3717262 Conn. 372, 376 (2003). "There is no question that a declaratory judgment is a suitable vehicle to test the rights and liabilities under an insurance policy." St. Paul Fire Marine Ins. Co. v. Shernow,22 Conn. App. 377, 380-81, 577 A.2d 1093, aff'd, 222 Conn. 823,610 A.2d 1281 (1992).
As a basis for its motion for summary judgment, USAA states that the underlying action is a motor vehicle claim and the defendant's USAA homeowner policy has an exclusion for such liability under Section II of said policy.[2] The defendant counters specifically that the second count of the amended complaint, which alleges failure to render assistance, was an independent non-intentional act of negligence unrelated to the use or operation of a motor vehicle. Accordingly, the defendant argues that summary judgment should be denied as to count two.
Section II of Kelly's USAA homeowner's policy limits personal liability and medical payment coverage by excluding any medical payments to others for bodily injury or property damage "caused by the intentional or purposeful acts of any insured, including conduct that would be reasonably be expected to result in bodily injury to any person or property damage to any property . . ." or for injuries "arising out of the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured . . ."
Count two of the amended complaint alleges that Kelly "who knew or should have known that his conduct caused such bodily harm to the plaintiff as to render him helpless and in danger of further harm, had a common law duty to render aid and assistance to the plaintiff . . . The decedent, John Kelly, who was knowingly involved in an accident which caused serious physical injury to the plaintiff, had a statutory duty to render aid and assistance to the plaintiff pursuant to Connecticut General Statutes Section 14-224 . . . The decedent's aforementioned actions and/or inactions caused delay to the plaintiff from receiving comfort, care, and/or assistance for his injuries." (Amended complaint.) This count does not allege intentional acts on behalf of the defendant. Instead, it alleges a breach of a statutory and common-law duty of care separate and distinct from the automobile accident.
Furthermore, the second count alleges injuries arising from a breach of duty of the defendant, separate from the conduct causing and leading to the automobile accident, that do not arise out of the use of an automobile. Specifically, paragraph 23 of count two states: "the aforementioned negligent or careless actions and/or inactions of the decedent John Kelly, in failing to render assistance or calling for CT Page 3718 help, or staying to comfort the plaintiff caused, exacerbated, aggravated, accelerated and/or lighted up and further added to the extent and severity of the plaintiff's injuries in one or more of the following respects: a. Increased emotional disturbance; b. Nightmares; c. Anger; d. Fear; e. Flashbacks . . ." (Amended complaint). These injuries do not fall within the Section II exclusions of the USAA homeowner's policy language.
In Hogle v. Hogle, 167 Conn. 572, 356 A.2d 172 (1975), the Supreme Court discussed an exclusionary clause in a homeowner policy. In Hogle, the court stated that "it is generally understood that for liability for an accident or an injury to be said to `arise out of the `use' of an automobile for the purpose of determining coverage under the appropriate provisions of a liability insurance policy, it is sufficient to show only that the accident or injury `was connected with,' `had its origins in,' `grew out of,' `flowed from,' or `was incident to' the use of the automobile, in order to meet the requirement that there be a causal relationship between the accident or injury and the use of the automobile." Id. at 577. "Under this standard of causation, it need not be shown that the incident in question was proximately caused by the vehicle for coverage to attach." Board of Education v. St. Paul Fire Marine, 261 Conn. 37, 48, 801 A.2d 752 (2002). Here, the plaintiff's injuries alleged in paragraph 23 of the second count did not have their origins in, grow out of or flow from the use of the automobile. Instead, the plaintiff alleges injuries distinctly arising from the defendant's breach of his statutory duty pursuant to Conn. General Statutes § 14-224 and his common-law duty to render aid to the plaintiff after the accident had occurred and he exited hisautomobile. Therefore, just as the allegations in count two do not fall within the intentional act exclusion of the defendant's USAA homeowner's policy, they do not arise out of the use of an automobile so as to fall within that second policy exclusion.
Count one alleges negligence arising out of the use of a motor vehicle. Count three specifically alleges reckless conduct arising out of the use of a motor vehicle. Since these counts fall directly within the language of Section II of the policy, USAA's motion for summary judgment is granted as to these counts. Count four alleges loss of consortium on behalf of the plaintiff's wife. In so far as these injuries are tied to those specifically alleged in paragraph 23 of count two, summary judgment will be denied.
Based on the foregoing, USAA's motion for summary judgment is granted as to counts one and three, but denied as to counts two and four, in so far as count four (alleging loss of consortium on behalf of the CT Page 3719 plaintiff's wife) relates to the injuries alleged in paragraph 23 in count two. The court limits the damages recoverable under John Kelly's USAA homeowner's policy to those stated in paragraph 23 of count two. USAA's duty to indemnify and defend the insured defendant is limited and defined in the above manner.
MINTZ, J.