*479 OPINION OF THE COURT
James D. Pacones, J.
The petitioner moves for an order pursuant to CPLR 7503 (c) permanently staying an arbitration demanded by the respondent under a supplementary uninsured motorist endorsement issued by the petitioner for injuries suffered by the respondent when she was bitten by a dog. The respondent opposes the instant application.
The underlying facts are neither complicated nor disputed. On October 16, 2011, the respondent was bitten by a dog owned by Michael J. Kazimer. The dog was contained in a car owned by Mr. Kazimer which was parked in a no parking area in front of a gas station/convenient store. As the respondent walked passed Mr. Kazimer’s vehicle on the way back to her car, the dog reached out the rear window of said car, which had been left partially open, and bit her in the right breast. Mr. Kazimer’s vehicle was insured by GEICO, which offered the full amount of the $25,000 policy in settlement of the respondent’s claim against Mr. Kazimer.
On January 20, 2012, the respondent forwarded correspondence to petitioner Allstate Insurance Company, the respondent’s insurance carrier, advising the petitioner of a potential underinsured motorist claim. On or about April 19, 2012, the petitioner disclaimed coverage regarding the respondent’s claim. According to the disclaimer, the incident did not arise out of the ownership, maintenance or use of an underinsured vehicle but rather was the direct result of a dog bite. On or about August 28, 2012, the respondent submitted to the petitioner a demand for arbitration.
The burden is on the party seeking a stay of arbitration to demonstrate the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay. (Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335 [2d Dept 2010].) Here, the subject policy endorsement issued by the petitioner to the respondent provides as follows: “(c) Uninsured Motor Vehicle. The term ‘uninsured motor vehicle’ means a motor vehicle that, through its ownership, maintenance or use, results in bodily injury to an insured . . . .” Thus, the issue is whether the term “use” as it relates to “uninsured motor vehicle” encompasses the facts as presented in this matter.
In analyzing the meaning of an insurance policy, provisions are to be interpreted according to common speech and it is nec *480 essary to determine the “reasonable expectations of the average insured.” (Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011].) It is well settled that any ambiguities in an insurance policy are to be construed against the insurer. (Breed v Insurance Co. of N. Am., 46 NY2d 351 [1978].)
Neither party has cited any New York cases directly on point. In determining the meaning of the word “use” in relation to insurance policies, New York courts have noted that
“[generally, the determination of whether an accident has resulted from the use or operation of a covered vehicle requires consideration of whether, inter alia, the accident arose out of the inherent nature of the vehicle and whether the vehicle itself produced the injury ... in other words, whether the use of the vehicle was a proximate cause of the injury.” (Eagle Ins. Co. v Butts, 269 AD2d 558, 558-559 [2d Dept 2000].)
It is not necessary that the vehicle be the proximate cause of the injury, instead there must be a demonstration that the vehicle was used negligently and that negligence must be a cause of the injury. (Zaccari v Progressive Northwestern Ins. Co., 35 AD3d 597 [2d Dept 2006]; Progressive Cas. Ins. Co. v Yodice, 276 AD2d 540 [2d Dept 2000].) In order to constitute a cause of the injury, the use of the motor vehicle must be “closely related” to the injury. (Zaccari, 35 AD3d at 599.) Also, the injury must result from the intrinsic nature of the motor vehicle as such and the use of the automobile must do more than merely contribute to the condition which produced it.
Based on the facts presented on this application, namely, that the dog was being transported by Mr. Kazimer in his vehicle, which was parked in a “no parking” zone in the front of a store, and that Mr. Kazimer permitted the rear window of his vehicle to remain open wide enough to allow the dog to reach its head out and bite the respondent, the court finds that Mr. Kazimer’s conduct constitutes the “use” of a vehicle as that term is used in the supplementary uninsured motorist endorsement. Certainly, the use of a vehicle to transport a household pet is now commonplace and the dog would not have been close enough to bite the respondent’s right breast without the use of Mr. Kazimer’s vehicle to haul the dog and Mr. Kazimer’s act of permitting the rear window to remain open. It is not necessary that the use of the vehicle be the proximate cause of the respondent’s injuries. Rather, this court finds that the use of the vehicle was a proximate cause of the respondent’s injuries.
*481 Many other jurisdictions have reached a similar finding. (See Diehl v Cumberland Mut. Fire Ins. Co., 296 NJ Super 231, 686 A2d 785 [App Div 1997] [finding substantial nexus between dog bite and use of a vehicle when dog being transported in the open cargo area of a pickup truck bit pedestrian walking by vehicle]; Transamerica v Farmers Ins. Exch., 463 NW2d 641 [ND 1990] [pedestrian’s injuries caused by dog when she walked by insured’s pickup truck on public street arose out of use of vehicle]; Hogle v Hogle, 167 Conn 572, 356 A2d 172 [1975] [plaintiff/ passenger’s injuries in car accident caused by driver’s dog that jumped from rear seat to front left window arose out of use of car].)
The cases of Eagle Ins. Co. v Butts and Progressive Cas. Ins. Co. v Yodice, relied on by the petitioner, are factually distinguishable as the courts in each case specifically noted that there were no allegations that the covered vehicles had been negligently used. In Eagle, the injury occurred while a horse was being unloaded from a van down an attached ramp. The plaintiff alleged the horse had been negligently trained by its owner rather than that the van had been used negligently or that the condition of the van in any way contributed to the accident. Similarly, in Progressive, the allegations of negligence involved the operation of a “Whip” ride rather than an allegation that the truck itself had been used negligently. Here, it is the respondent’s contention that Mr. Kazimer’s negligent use of the vehicle in illegally parking and permitting the rear window to remain open were a cause of her injuries.
The court is also unpersuaded that Mr. Kazimer’s strict liability for the injury caused by the dog precludes a finding that his negligent use of his vehicle is causally related to the respondent’s injuries. Mr. Kazimer’s liability for the respondent’s injuries is a distinct issue from whether the respondent’s supplementary uninsured motorist endorsement policy provides coverage for the incident.
Therefore, for all of the foregoing reasons it is ordered that the petitioner’s application to permanently stay arbitration is denied.