[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Jennifer DeCrescenzo, has brought a complaint against the defendants, Eve Jakucensis, Cordino's Grill, and Mark Corvino, alleging that she suffered injuries as a result of a physical altercation with defendant Jakucenis, an employee at Corvino's Grill. The plaintiff's seven-count complaint sets forth causes of action against Cordino's Grill and Mark Corvino (violation of the dram shop act, negligent supervision, premises liability, punitive damages and loss of consortium) and Jakucensis (assault and punitive damages)
Subsequently, Cordino's Grill and Mark Corvino (hereinafter "Cordino) moved to implead its insurer, American States Insurance ("American").[1] American has moved for summary judgment on the third-party complaint. American argues that the insurance policy with Cordino contains exclusions which refute American's duty to defend. CT Page 3861
It is well settled that "an insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the [underlying complaint]. . . ." (Citations omitted.) SprinqdaleDonuts, Inc. v. Aetna Casualty Surety Co., 247 Conn. 801, 807, ___ A.2d ___ (1999). "The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. . . . Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend. . . . On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend." Id.
Here, American argues that there is an applicable exclusion which does not give rise to a duty to defend, and, therefore, Cordino has no cause of action against American. American points to the exclusion language in the policy stating the insurer will not be held liable for any "bodily injury" or "property damages" arising as a result of the insured "(1) causing or contributing to the intoxication of any person; (2) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." The exclusion applies to those "in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages."
The plaintiff alleges that Cordino's liability arises through the Dram Shop Act (count one), negligent supervision (count two), premises liability (count three), recklessness (count five) and a derivative claim for loss of consortium (count seven). The court, accordingly, must look at these allegations and see whether they fall within the exclusionary language of the policy.
In her complaint, the plaintiff alleges that Jakucenis continued to dispense alcoholic beverages at Cordino's even though her working shift was over and Jakucenis was herself consuming alcoholic beverages. In the complaint, it is alleged CT Page 3862 Jakucenis proceeded to harass, confront and assault the plaintiff. While each count against Cordino's contains additional allegations as per each separate cause of action, the above factual allegations form the common basis to all the counts.
The policy, specifically subparagraph 3, clearly excludes any dram shop action that may be brought against the insured. SeeEdelman v. Pacific Employers Ins. Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533463 (December 11, 1997, Aurigemma, J.); Penn-America Ins. Co. v. LTJCorp. , Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 468305 (July 23, 1996, Arena, J.). Likewise, the negligent supervision count which alleges that Cordino's was negligent in failing to provide adequate training and instruction to individuals serving alcohol is also explicitly excluded from the policy as it falls within the first subparagraph, causing or contributing to the intoxication of any person.
The premises liability count, however, contains allegations that Cordino's failed to take steps to protect the plaintiff even though it knew or should have known that the plaintiff was in danger of being harmed. Such conduct or lack of action does not specifically fall into any of the provisions of the liquor liability exclusion. See Interstate Fire Cas. Co., Inc. v. 1218Wisonisin, Inc., 136 F.3d 830, 835 (C.A.D.C. 1998) (duty to defend exists; allegations that employees of defendant bar did nothing to stop assault by intoxicated patron are not excluded by liquor liability exclusion identical to one in the present case). Indeed, if one was to strike all allegations of alcohol in the premises liability count, the base assertion that the defendant failed to protect the plaintiff would exist independently and not be subject to the exclusionary language. That is, the allegations that Jakucenis assaulted the plaintiff while intoxicated, and that Cordino contributed somehow to Jakucenis' state, are ultimately separate from the allegations that Cordino was negligent in failing to provide for the safety of its patrons.
"The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage. . . ." (Citations omitted.) Edelman v.Pacific Employers Ins. Co., 53 Conn. App. 54, 59, 728 A.2d 531
(1999). "If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." Id. CT Page 3863
Since American had a duty to defend the underlying allegations, it is not entitled to summary judgment on Cordino's third party complaint against American. American's motion for summary judgment is denied.
The Court
By Grogins, J.