ENFIELD PIZZA PALACE, INC., ET AL. *v.* INSURANCE
COMPANY OF GREATER NEW YORK
(AC 19268)

Lavery, Schaller and Spear, Js.[1]

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued February 22—officially released July 25, 2000

*F. Timothy McNamara,* for the appellants (plaintiffs).

*Gerald P. Dwyer,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiffs[2] appeal from the judgment rendered in favor of the defendant, Insurance Company of Greater New York, in this declaratory judgment action concerning a dispute about the defendant's duty to defend and indemnify the plaintiffs in an action filed against the plaintiffs. The trial court held that, under the terms of a commercial general liability policy issued by the defendant, the plaintiffs failed to show that they were entitled to a declaratory judgment requiring the defendant to defend and indemnify them. On appeal, the plaintiffs claim that the court improperly concluded that the provisions in the insurance policy were in conflict and that a reasonable resolution of the

---

[2] The plaintiffs are Enfield Pizza Palace, Inc., Demetrios Balis doing business as Pizza Palace Restaurant and Demetrios Balis individually.

terms established that the defendant was not required to defend and indemnify the plaintiffs to the full extent of the general liability coverage. We affirm the judgment of the trial court.

The following facts and procedural history provide the necessary background to the disposition of this appeal. The defendant issued the plaintiffs a comprehensive commercial policy that provides general liability, property, crime and automobile coverage. All of the parts, declarations and endorsements of the insurance policy were negotiated and submitted to the plaintiffs as a single document. The policy provides general liability coverage of $1 million.

Under a provision in the policy entitled, "Commercial General Liability Coverage Form," coverage is excluded for bodily injury or damages for which the insured may be held liable by reason of "(1) Causing or contributing to the intoxication of any person; (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverage."

The insurance policy also contains a number of other provisions that are relevant to this appeal. The provision entitled, "Liquor Liability Coverage Form" provides coverage for damages for liability imposed on the insured by reason of the "selling, serving or furnishing of any alcoholic beverage." That provision states that the insurer shall defend any action seeking those damages, but that the amount the insurer will pay for damages is limited as set forth in the policy. An endorsement entitled "Connecticut Changes—Liquor Liability" limits liquor liability coverage to $20,000 for each person and $50,000 for each common cause. Finally, an endorsement changing the policy concerning liquor liability provides that the exclusion under the general liability

coverage part for alcohol related injuries "does not apply."

During the policy period, Mary H. McGloin was allegedly struck by an automobile driven by Alvard Reyes. Reyes was a minor who allegedly had become intoxicated before the accident at a tavern owned by the plaintiffs. The administrator of McGloin's estate brought an action against the plaintiffs that is pending in the Superior Court. In the present case, the defendant alleged in a special defense that its liability limit under the policy is $20,000, and that it would pay the plaintiffs this amount and provide them with a defense under the provisions of the policy covering liquor liability.

The plaintiffs brought this declaratory judgment action seeking a judgment requiring the defendant fully to defend the plaintiffs in the McGloin action and to provide indemnity for damages for the full amount of $1 million under the general liability coverage provision of the insurance policy.

In its memorandum of decision, the court concluded that the policy provisions covering general liability and liquor liability were not ambiguous, but that they conflicted. The court concluded: "In the instant case the most reasonable interpretation of the subject policy that reconciles apparently conflicting provisions is that the Connecticut liquor liability coverage of $20,000-$50,000 limits applies to alcohol related injuries and the one million dollar general liability coverage applies to all other types of losses. This interpretation is consistent with the explanation [the] defendant gives in its brief that the alcohol exclusion was eliminated in the general liability coverage so as not to conflict with the Connecticut liquor liability endorsement, which clearly applies to alcohol related injuries." Accordingly, the court concluded that the plaintiffs had failed to show that they were entitled to a declaratory judgment.

The plaintiffs claim that the court improperly concluded that the plain meaning of the terms of the insurance policy did not require the defendant to defend and indemnify them to the full extent of the commercial general liability coverage. We are not persuaded.

" '[A]n insurer's duty to defend . . . is determined by reference to the allegations contained in the [injured party's] complaint.' *Flint* v. *Universal Machine Co.*, [238 Conn. 637, 646, 679 A.2d 929 (1996)]. The 'duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage.' . . . *Hogle* v. *Hogle*, 167 Conn. 572, 576, 356 A.2d 172 (1975). Because '[t]he duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured'; *Missionaries of the Co. of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, 155 Conn. 104, 110, 230 A.2d 21 (1967); '[i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured.' . . . *West Haven* v. *Commercial Union Ins. Co.*, 894 F.2d 540, 544 (2d Cir. 1990), quoting *West Haven* v. *Liberty Mutual Ins. Co.*, 639 F. Sup. 1012, 1017 (D. Conn. 1986)." *Imperial Casualty & Indemnity Co.* v. *State*, 246 Conn. 313, 323–24, 714 A.2d 1230 (1998).

In this case, the defendant's duty to defend or indemnify the plaintiffs in the McGloin action depends on the interaction of four separate provisions in the policy: (1) the provision governing general liability coverage; (2) the provision governing liquor liability coverage; (3) the endorsement setting the limits of liquor liability coverage to $20,000 and $50,000; and (4) the endorsement stating that the exclusion for general liability coverage of bodily injury for alcohol related injuries does not apply. We must therefore examine the policy to determine whether it requires the defendant to defend and indemnify the plaintiffs for the injuries for which

the underlying tort claims in the McGloin action were based.

" 'Unlike certain other contracts . . . where . . . the intent of the parties and thus the meaning of the contract is a factual question subject to limited appellate review . . . construction of a contract of insurance presents a question of law . . . which this court reviews de novo.' . . . *Flint* v. *Universal Machine Co.*, supra, 238 Conn. 642. 'An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. *Schultz* v. *Hartford Fire Ins. Co.*, 213 Conn. 696, 702, 569 A.2d 1131 (1990). The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . *O'Brien* v. *United States Fidelity & Guaranty Co.*, 235 Conn. 837, 842, 669 A.2d 1221 (1996). It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. *Flint* v. *Universal Machine Co.*, supra, 643. The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . *Hansen* v. *Ohio Casualty Ins. Co.*, 239 Conn. 537, 542–43, 687 A.2d 1262 (1996).' . . . *Imperial Casualty & Indemnity Co.* v. *State*, supra, 246 Conn. 324–25." *Edelman* v. *Pacific Employers Ins. Co.*, 53 Conn. App. 54, 59–60, 728 A.2d 531, cert. denied, 249 Conn. 918, 733 A.2d 229 (1999).

The plaintiffs do not argue that any individual provision of the insurance policy is ambiguous. Instead, they contend that the interaction of the four provisions

negates any exclusion to general liability coverage for claims involving alcohol related injuries, thus requiring the defendant to defend and indemnify all claims, including those involving alcohol related injuries, to the full extent of the $1 million coverage. In the alternative, the plaintiffs argue that construing the four provisions together results in an ambiguity as to the extent of the general liability coverage, and that this must be resolved to the benefit of the plaintiff insureds. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Internal quotation marks omitted.) *Schultz* v. *Hartford Fire Ins. Co.*, supra, 213 Conn. 703. Reading the four separate provisions in their entirety and in the context of the policy as a whole, we conclude, as a matter of law, that the clauses are sufficiently clear. We agree, therefore, with the trial court that the policy exclusion for liquor liability coverage is clear and unambiguous, and the issue is one of a potential conflict between the provisions.

"We are reluctant to conclude that a contractual provision 'constitutes a meaningless gesture by the parties.' . . . The rules of construction 'dictate giving effect to all the provisions of a contract, construing it as a whole and reconciling its clauses. . . . Where two clauses which are apparently inconsistent may be reconciled by a reasonable construction, that construction must be given, because it cannot be assumed that the parties intended to insert inconsistent and repugnant provisions.' " (Citation omitted.) *Dainty Rubbish Service, Inc.* v. *Beacon Hill Assn., Inc.*, 32 Conn. App. 530, 534, 630 A.2d 115 (1993).

"When the plain meaning and intent of the language is clear, a clause . . . cannot be enlarged by construction. There is no room for construction where the terms of a writing are plain and unambiguous, and it is to be

given effect according to its language. . . . *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 232, 654 A.2d 342 (1995)." (Internal quotation marks omitted.) *Warner Associates* v. *Logan*, 50 Conn. App. 90, 95–96, 718 A.2d 48 (1998). Moreover, "[t]he individual clauses of a contract . . . cannot be construed by taking them out of context and giving them an interpretation apart from the contract of which they are a part." *Levine* v. *Advest, Inc.*, 244 Conn. 732, 753, 714 A.2d 649 (1998).

There is no question that the express terms of the policy are not ambiguous. The four provisions of the insurance policy must be given effect according to their ordinary meaning and may be reconciled by reasonable construction. The provision governing general liability coverage affords the plaintiffs coverage of up to $1 million. The exclusion under that section for bodily injury or damages resulting from alcohol related occurrences, however, precludes any coverage under that section. The effect of the endorsement providing that that exclusion "does not apply" to the liquor liability provisions and of the provision modifying the limits for liquor liability coverage are the principal source of dispute. The plaintiffs claimed before the trial court that the effect of that endorsement was to remove the exclusion of coverage for damages for alcohol related incidents from the section governing general liability coverage, thereby entitling them to the full extent of the general liability coverage. The court concluded that "[i]f it were to adopt the interpretation of the policy advanced by the [plaintiffs], the Connecticut liquor endorsement setting the limits of $20,000 and $50,000 coverage for alcohol caused accidents would be rendered meaningless." Further, the court concluded that the provision limiting coverage for alcohol related injuries to $20,000 and $50,000, as a specific clause, governed over the general liability provision covering all liability and that it should be construed as modifying the general

clause. Finally, the court found that the policy was susceptible to a reasonable construction, namely, that "the Connecticut liquor liability coverage of $20,000-$50,000 limits applies to alcohol related injuries and the one million dollar general liability coverage applies to all other types of losses." We agree with the court's rationale.

The judgment is affirmed.

In this opinion the other judges concurred.