[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
AXA Global Risks US Ins. Co., commenced this declaratory judgment action against the defendants, S.G.S., Inc., doing business as Triangle Café, Inc. (Triangle Café), and Robert Cole, to determine whether it has an obligation under an insurance policy it issued to Triangle Café to defend and indemnify Triangle in Cole v. TriangleCafé, Inc. (the Cole Action). In that litigation, Cole alleges that he was assaulted by Troy Ford while they both were patrons at the Triangle Café and that his injuries were caused by the negligence of the Triangle Café. On October 1, It now 1999, the plaintiff filed a five count complaint for declaratory judgment. moves for summary judgment on all counts on the ground that there is no issue of material fact on the coverage (lack thereof) provisions of the policy.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368 (2000). CT Page 13970
In the first instance, contrary to the defendants' assertion, the court need not wait until after the discovery phase to determine whether the plaintiff has an obligation to defend and indemnify Triangle Café in the Cole action. insurer's duty to defend . . . is determined by reference to the allegations contained in the [injured party's] complaint. . . . The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage." (Citations omitted; internal quotation marks omitted.) Enfield Pizza Palace, Inc. v. Ins. Co. of Greater New York,59 Conn. App. 69, 73 (2000).
The plaintiff argues that the policy it issued to Triangle Café expressly excludes coverage for any cause of action arising from an assault and battery. Specifically, the plaintiff asserts that because the Cole action arises out of an assault and battery, the policy does not provide coverage for the claim alleged, and therefore, the plaintiff is not obligated to defend and indemnify. The defendants contend that the plaintiff has not met its burden of showing the non-existence of any material fact.
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. . . . The determinative question is the intent of the parties, that is, what coverage the . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . [T]his rule of construction favorable to the insured extends to exclusion clauses. . . . Unlike certain other contracts . . . where . . . the intent of the parties and thus the meaning of the contract is a factual question . . . construction of a contract of insurance presents a question of law. . . ." (Citations omitted; internal quotation marks omitted.) Imperial Casualty Indemnity Co. v. State, 246 Conn. 313,324-25 (1998).
In the present case, the assault and battery exclusion contained in the insurance policy provides, inter alia, that "it is understood and agreed that this policy excludes claims arising out of: 1. Assault and Battery, whether caused by or at the instructions of, or at the direction of or negligence of the insured, his employees, patrons, or any cause CT Page 13971 whatsoever. 2. Allegations of negligent act or omission by or on behalf of the insured in connection with hiring, retention or control of employees, supervision or prevention or suppression of such assault and battery." This exclusion was signed by an authorized agent of Triangle on December 9, 1996. Cole alleges in the underlying complaint that his injuries were caused by an assault and battery by Ford. There is no question that the allegations in Cole's complaint fall squarely within the language of the assault and battery exclusion. See Kelly v.Figueiredo, 223 Conn. 31, 36 (1992). See also Penn-America Ins. Co. v.LTJ Corp., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 468305 (July 23, 1996, Arena, J.). Consequently, the plaintiff has no obligation under the insurance policy to defend and indemnify Triangle in the Cole action.
The plaintiffs motion for summary judgment is, accordingly, granted as to count two of its complaint. Because the court grants the motion for summary judgment on this basis, it is unnecessary to consider the other arguments raised by the plaintiff in support of its motion.
Moraghan, J.T.R.