[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY .JUDGMENT (#130) CROSS MOTION FOR SUMMARY JUDGMENT (#142)
On April 8, 1997, the plaintiff, Jeffery Berkowitz, filed a single count complaint against the defendant, the city of Stamford. The complaint arises from a slip and fall incident that occurred in a parking lot at the Brennan Golf Course, which is owned and operated by Stamford. On December 8, 1997, the plaintiff moved to cite in as a party defendant Buckett Zezima's 19th Hole, Inc., which motion the court, Karazin, J., granted on January 5, 1998. Buckett Zezima's runs the concession restaurant next to the golf course. On January 9, 1998, the plaintiff filed a two count complaint in which he alleges that Stamford breached its statutory duty prescribed by General Statutes § 13a-149 and that Buckett Zezima's 19th Hole, Inc. was negligent in maintaining premises it possessed, maintained and/or controlled. The plaintiff further alleges that he was injured because of the defendants' negligence.
On April 23, 1999, Stamford served a third party complaint on GNY in which Stamford alleges that GNY has a duty to defend the city under an insurance policy GNY issued to Buckett Zezima's 19th Hole, Inc. On June 28, 1999, GNY filed its answer and special defense, in which it claims that the policy issued to Buckett Zezima's limits Stamford's additional insured status to liability arising out of the ownership, maintenance or use of that part of the premises leased to Buckett 
Zezima's as shown on the schedule. GNY further claims that the only part of the premises leased to Buckett Zezima's is the restaurant, whereas Stamford maintained control over the parking lot serving the restaurant.
On January 26, 2000, GNY moved for summary judgment on the ground that CT Page 1343 "the policy of insurance it issued to the co-defendant Buckett Zezima's 19th Hole does not cover Stamford's alleged liability in this matter."[1] On June 23, 2000, Stamford filed its memorandum in opposition to GNY's motion.[2] Stamford also filed a motion for permission to file a cross motion for summary judgment, using its memorandum of law in opposition for support thereof, On August 14, 2000, Stamford filed its cross motion for summary judgment, supported by its memorandum in opposition to GNY's motion and supporting documents attached thereto.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 386, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
The following facts are undisputed. Stamford owns the land and buildings located at 451 Still water Avenue in Stamford, Connecticut. The premises consists of a golf course, a restaurant and a lot that serves as the parking facilities for the for the golf course and the restaurant. Buckett Zezima's 19th Hole operates the restaurant at the location under a concession agreement with Stamford. Under the concession agreement, Buckett Zezima's 19th Hole is required to carry Stamford and its agents and employees as additional insureds under its policy of insurance for liability coverage. The policy, held with GNY, states that Stamford is an additional insured only with respect to liability arising out of the ownership, maintenance or use of the part of 451 Stillwater Road leased to Buckett Zezima's 19th Hole.
The plaintiff alleges that after exiting the 19th Hole restaurant on a February night, he slipped and fell on ice in the parking lot at 451 Stillwater Road. The plaintiff further alleges that Stamford owned, possessed, maintained and/or controlled the parking lot and alleges that CT Page 1344 Buckett Zezima's 19th Hole possessed, maintained and/or controlled the parking lot.
GNY moves for summary judgment on the ground that "the policy of insurance it issued to the co-defendant Buckett Zezima's 19th Hole does not cover Stamford's alleged liability in this matter." Stamford cross moves for summary judgment, relying on its submission in opposition to GNY's motion. Thus, the issue raised by the third party plaintiff's and the third party defendant's motions is whether GNY has the duty to defend Stamford on the underlying complaint in this matter. To decide this issue, the court turns to the language contained in the insurance policy. "[C]onstruction of a contract of insurance presents a question of law for the court." Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51,58, 588 A.2d 138 (1991).
Attached to GNY's motion as Exhibit D is a copy of an insurance policy issued by GNY for Zezima's 19th Hole, Inc., for the policy period December 19, 1995 to December 19, 1996. An endorsement is attached to the policy that amends the named insured to read "Zezima's 19th Hole, Inc., Brennan's Golf Course and Buckett Zezima DBA." (GNY's Memorandum, Exhibit D, p. GNY 003.) The address for the location and building is 451 Stillwater Ave., Stamford, CT and applies to general liability property. (GNY's Memorandum, Exhibit D, p. GNY 002.) Another endorsement to the policy designates the premises leased as 451 Stillwater Avenue, Stamford, CT and names as additional insured the City of Stamford, its agents and EM. (GNY's Memorandum, Exhibit D, endorsement number CG 20 11 01 96.)
"[A]n insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the [underlying] complaint. . . .The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . .It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. . . .Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend." (Internal quotation marks omitted.)Community Action for Greater Middlesex County, Inc. v. American AllianceIns. Co., 254 Conn. 387, 395, 757 A.2d 1074 (2000). If the underlying complaint has alleged a mere possibility of coverage under the policy, the insurer must defend. Edelman v. Pacific Employers Insurance Co.,53 Conn. App. 54, 59, 728 A.2d 531, cert. denied, 249 Conn. 918,733 A.2d 229 (1999). CT Page 1345
The court finds that genuine issues of material fact exist which preclude the court from granting GNY's motion. The policy names Zezima's 19th Hole, Inc., Brennan Golf Course, Buckett Zezima DBA and Stamford as named insureds. (GNY's Memorandum, Exhibit D, p. GNY 003 and endorsement number CG 20 11 01 96.) The designated premises listed in the policy is 451 Stillwater Ave., Stamford, CT (GNY's Memorandum, Exhibit D, p. GNY 002.) The policy does not narrow the location of the designated premises at 451 Stillwater Ave. Therefore, an issue of ambiguity exists as to the exact premises covered under the policy. "Well established rules of contract construction counsel us, in the event of ambiguity, to construe the terms of an insurance policy in favor of insurance coverage because it is the insurance company that has drafted the terms of the policy." Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371,375, 593 A.2d 498 (1991). In this case, there is ambiguity in the policy as to whether the designated premises includes the parking lot where the alleged accident occurred. Thus, there is a genuine issue of material fact as to whether the insurance policy covers the incident underlying the plaintiff's claim in this case and the court hereby denies GNY's motion for summary judgment as to the duty to defend.[3]
Stamford's cross motion for summary judgment as to GNY's duty to defend, however, is hereby granted because, as a matter of law, the insurance policy names Stamford and Brennan's Golf Course as an additional insureds and the underlying complaint alleges facts that fall well within the realm of a possibility of coverage for Stamford under the insurance policy. See Edelman v. Pacific Employers Insurance Co., supra,53 Conn. App. 59, cert. denied, 249 Conn. 918, 733 A.2d 229 (1999). The question of whether GNY has a duty to defend Stamford is purely a question of law, determined by comparing the allegations of the plaintiff's complaint with the terms of the insurance policy. CommunityAction for Greater Middlesex County, Inc. v. American Alliance Ins. Co., supra, 254 Conn. 395. The plaintiff's complaint alleges in count one that Stamford possessed, maintained and/or controlled the parking lot and in count two that Buckett Zezima's 19th Hole possessed, maintained and/or controlled the parking lot. The complaint sets forth a cause of action against Stamford that falls within the scope of the insurance policy. Because the underlying complaint sets forth a possibility of coverage, the court finds that, as a matter of law, GNY has a duty to defend Stamford in the underlying action.
Finally, GNY's motion raises the issue of whether the relevant insurance policy affords coverage for Stamford's liability in the underlying complaint. Any possible duty GNY may have to indemnify Stamford under the policy depends on whether Stamford is liable to the plaintiff and that question is properly decided at trial or at another fact-finding stage. See Smedley Co. v. Empoyers Mutual Liability Ins.CT Page 1346Co., 143 Conn. 510, 516, 123 A.2d 755 (1956) (distinction between liability and coverage should be noted, duty to indemnify depends on insured's ultimate liability). Accordingly, GNY's motion, to the extent it argues GNY's duty to indemnify Stamford, is hereby denied because a genuine issue of material fact regarding Stamford's liability to the plaintiff in the underlying action remains unresolved at this stage in the proceedings.
For the foregoing reasons, GNY's motion for summary judgment as to its duty to defend and its duty to indemnify Stamford is hereby denied because there are issues of material fact regarding the scope of the relevant insurance policy. Furthermore, the court hereby grants Stamford's cross motion for summary judgment as to its duty to defend because the facts alleged in the underlying complaint set forth the possibility of coverage and GNY, therefore, has a duty to defend Stamford, a named insured in the insurance policy.
HICKEY, J.