MERRIMACK MUTUAL FIRE INSURANCE COMPANY
*v.* JEFFREY RAMSEY ET AL.
(AC 30245)

Flynn, C. J., and Alvord and Sullivan, Js.

Argued September 15—officially released November 3, 2009

*Douglas P. Mahoney*, with whom, on the brief, was *Jason E. Tremont*, for the appellant (defendant Meghan Laporta).

*Patricia M. Shepard*, with whom, on the brief, was *Lawrence H. Adler*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. In this action for a declaratory judgment, the defendant Meghan Laporta appeals from the summary judgment rendered by the trial court in favor of the plaintiff, Merrimack Mutual Fire Insurance Company.[1] We affirm the judgment of the trial court.

The following facts are undisputed. On June 27, 2005, Jeffrey Ramsey visited the defendant as an invited guest in her apartment. The two were involved in a romantic relationship. Without provocation, Ramsey began stabbing himself and the defendant with a kitchen knife. He stabbed the defendant a total of twenty-four times, using a second knife when the first one broke.

The defendant suffered injury as a result of the attack and filed an action against Ramsey sounding in negligence. In her complaint, the defendant alleged that Ramsey suffered from a variety of mental and psychiatric disorders, and at no time during the stabbing did he have an understanding of the nature or wrongfulness of his conduct or intend to cause her bodily injury. At the time the incident occurred, Ramsey was insured under a homeowner's policy issued by the plaintiff to his parents, Franklin Ramsey and Rachel Ramsey.

---

[1] The plaintiff named Jeffrey Ramsey and Laporta as defendants. Ramsey failed to file an appearance, and a default was entered against him. We therefore refer to Laporta as the defendant in this opinion.

On December 3, 2007, the plaintiff filed an amended complaint seeking a declaration that it had no obligation to defend or to indemnify Jeffrey Ramsey from claims arising from the defendant's action in negligence. The plaintiff moved for summary judgment. It argued that it had no duty to defend or to indemnify Jeffrey Ramsey pursuant to a policy exclusion for injury arising out of sexual molestation, corporal punishment or physical or mental abuse (exclusion 1k). The court agreed. It found that Jeffrey Ramsey's actions clearly constituted physical abuse within the language of the exclusion, and it granted the plaintiff's motion for summary judgment. The defendant filed this appeal. On appeal, she claims that the court misinterpreted the policy exclusion and improperly granted the plaintiff's motion for summary judgment.

Construction of an insurance contract presents a question of law. *Galgano* v. *Metropolitan Property & Casualty Ins. Co.*, 267 Conn. 512, 519, 838 A.2d 993 (2004). Accordingly, our review is plenary. "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract . . . . In accordance with those principles, [t]he determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. . . . In determining whether the terms of an insurance policy are clear and unambiguous, [a] court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. . . . As

with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading. . . . Under those circumstances, any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . This rule of construction may not be applied, however, unless the policy terms are indeed ambiguous." (Citations omitted; internal quotation marks omitted.) *Connecticut Medical Ins. Co.* v. *Kulikowski*, 286 Conn. 1, 5–6, 942 A.2d 334 (2008).

Thus, the dispositive question in this case is whether exclusion 1k is ambiguous. The exclusion states: "Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to 'bodily injury' . . . [a]rising out of sexual molestation, corporal punishment or physical or mental abuse . . . ." The policy defines " 'bodily injury' " as "bodily harm, sickness or disease, including required care, loss of services and death that results." The policy does not define "sexual molestation," "corporal punishment" or "physical or mental abuse."

The defendant claims that the exclusion is ambiguous. She argues that the term "physical abuse" contains an implicit intentionality requirement and asserts that the court improperly failed to consider Jeffrey Ramsey's intent when it determined that the exclusion applied. She claims that exclusion 1k does not preclude coverage for her injuries because Jeffrey Ramsey did not intend or expect to harm her when he stabbed her twenty-four times with two knives.

We conclude that her reading of the policy is plainly unreasonable. The exclusion expressly exempts coverage for bodily injury arising out of physical abuse. Nowhere does it provide that a consideration of the abuser's intent is required. In fact, the policy contains

a separate exclusion that applies specifically to intentional acts. Exclusion 1a provides "Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to 'bodily injury' . . . [w]hich is expected or intended by the 'insured.' " When both exclusions are read together, it is clear that exclusion 1k does not require a consideration of the insured's intent.[2]

The only plausible interpretation of the Ramseys' insurance policy is the natural and ordinary one accorded to it by the court in its well reasoned decision. The stabbing of the defendant clearly constituted physical abuse within the language of the policy. As such, the injuries suffered by the defendant are not covered, and the plaintiff has no duty to defend or to indemnify Jeffrey Ramsey.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The defendant also argues that exclusions 1k and 1a are inconsistent and, as a result, should be interpreted in her favor. We disagree.